# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:14-cv-23-FDW

| | |
|---|---|
| BRIAN K. MCKOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FNU QUINN, ) | |
| FNU WALKER, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review of the civil rights complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. For the reasons that follow, this action will be dismissed.

## I. BACKGROUND

In his pro se complaint, Plaintiff alleges that on or about February 2, 2011, while an inmate within the North Carolina Department of Public Safety, he was prescribed orthopedic shoes by a podiatrist or specialist to address a food deformity. Plaintiff was informed that he might be eligible to receive a new pair each year. In February 2012, Plaintiff received a second pair of the orthopedic shoes and then a third pair in 2013 while housed in Central Prison. Plaintiff was later transferred to Alexander Correctional within this district, along with his shoes, and placed in segregation.

In October 2013, Defendant Walker, a supervisory employee within Alexander Correctional, entered Plaintiff's cell while Plaintiff was taking a shower and confiscated his orthopedic shoes. Defendant Walker later explained that no inmates were allowed personal shoes while in segregation but once Plaintiff was released from segregation then his shoes would be

1

returned to him. Plaintiff confirmed this policy with Defendant Quinn whom he identifies as a medical provider within the prison and Plaintiff acknowledges that State prison policy prohibits an inmate from possessing "personal shoes" while the inmate is in segregation however he contends that inmates are allowed to possess orthopedic shoes. (Doc. No. 1 at 4).

Plaintiff participated in the Three-Step Administrative Remedy Procedure and his grievance has been denied at the final step. See N.C. Gen. Stat. §§ 148.118.1 to 148.118.9 (Article 11A). In his claim for relief, Plaintiff seeks a declaration that his rights are being violated due to defendants' medical indifference, an award of $10,000 in compensatory damages, and an award of $5,000 in punitive damages from each defendant.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." During this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1) and (b)(2).

Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III.     DISCUSSION

Plaintiff, a North Carolina prisoner, alleges that the defendants have been deliberately indifferent to his serious medical needs which is a claim arising under the Eighth Amendment to the Constitution. In Farmer v. Brennan, the Supreme Court held that the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care . . ." 511 U.S. 825, 832 (1994). In order to establish an actionable claim for deliberate indifference, a plaintiff must allege two things. First, the deprivation at issue must be "objectively, sufficiently serious." Id. at 834 (internal quotation and citation omitted). Second, the plaintiff must allege facts tending to show that the prison official had a "sufficiently culpable state of mind" which the Court has described as a deliberate indifference to a prisoner's health or safety Id. (internal citation omitted). To be sure, "[d]eliberate indifference is a very high standard—a mere showing of negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999).

In the present case, Plaintiff alleges that the defendants have refused to provide him with his orthopedic shoes while he is housed in segregation. Deliberate indifference "requires that a prison official know of and disregard the objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Farmer, 511 U.S. at 835). To establish a case of deliberate indifference, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Importantly, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)

(internal citation omitted). In sum, before a medical need may present an actionable claim in a § 1983 proceeding it must be serious enough to present a substantial risk of harm which could include loss of life or permanent disability or a continued course of treatment, or a lack of treatment that gives rise to prolonged pain. Farmer, 511 U.S. at 832-35.

"[S]ociety does not expect that prisoners will have unqualified access to health care;" thus to implicate the protections of the Eighth Amendment, the deliberate indifference must be sufficiently serious. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Put another way, "[t]he Constitution 'does not mandate comfortable prisons . . .'" Farmer, 511 U.S. at 832 (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). However, "neither does it permit inhumane ones." Id.

Returning to the present case, Plaintiff's complaint is that he is not allowed the shoes of his choice while he is confined to segregation and he alleges that he is experiencing pain and emotional distress. Taken as a whole, the Plaintiff would be more comfortable during his stay in segregation with the shoes. However, mere temporary discomfort, without more should not support a § 1983 claim for deliberate indifference. In sum, the Court cannot find on these alleged facts that he has stated an actionable claim of deliberate indifference to his serious medical needs and the complaint will therefore be dismissed.

## IV.   CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted therefore his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

Signed: April 10, 2014

Frank D. Whitney
Chief United States District Judge